Thank you all. Good morning. I am Jason Kors. I would like to reserve a couple of minutes to begin my argument for a clue. Today marks the first time in nearly seven years that Mr. Geray has had the benefit of counsel speaking on his behalf. He asked for counsel. He had an injury reported to the court following the filing of his magistrate, his corpus. The court denied him, despite clear evidence of severe mental impairment managed by his counsel. I give access to evidence. Mr. Geray, you're not here about that. I understand that the fact that he was uncounseled during this period is a fact we should take into account and determine whether or not there's equitable tolling. So, tell us why there should be equitable tolling. Well, there are two things here. First, severe mental impairment is definitely one of the grounds not only for which you could possibly get an evidentiary hearing, but also would be a separate gun for equitable tolling. And this is one of the only cases I think I've ever found where you've got four layers, which is you have severe mental impairment, which, in my view, subdues everything else. It subdues the fact that he felt that he was abandoned by his lawyer. It affected his lack of access to legal materials. And it certainly affected the extent that he was able to appreciate what was going on, the misdirection he had from the Superior Court and the Court of Appeal when he was trying to file his state hearing. Okay, so let me ask you a trick question. I know you've met four sort of things before in the room that we're going to get into in just a moment. If you might correct me if I said that this lesson isn't enough for parents or for almost each period you can get to know? No, I don't think that's true. We want to try to add up your components. And that seems to me to be the one in which you feel that if you don't get, you don't learn. No, I just did a course talking kind of logically to this, but it's not as accurate. The issue here is, had the court had an evidentiary hearing and admitted a sufficient factual development, preferably with the benefit of counsel, I think this court would be in a much better position to say, why does this happen? No one can disagree with that. My question's a little bit different. Let's assume that you find that his filing of papers in the state case conceded demonstrates that at that point in time he was sufficiently prepared to for his mental impairment to be brought to a court because he has picked the earliest and easiest position to file. If we find that, can you establish it on the record as long as the case will be in the statute of limitations? I believe you can, Your Honor, but the court did give you some time for amendment. But I think that time would overlap with the missing place in some ways. So I've been trying to add up the separate components, and I can't get you the two-and-a-half years you need without the mental impairment. Well, I certainly think the mental impairment is a critical component. No, I'm just saying that in response to my concern that we have a bunch of cases to see, when you know enough to file a habeas position in the state court, it's pretty compelling evidence that you were, if you saw it there, that you could file it. But you couldn't avoid hearing it, so it's just part of the piece that you should be looking for. You don't have to look at the paperwork for that. You see the same thing with that. Well, I think the bill is speaking to filing a federal habeas position, not just any habeas position, and there are some critical differences here, Your Honor. One is the court will look back at the record eventually and see that everything that was filed in the state court in terms of all preprint forms, you know, the kind of things that are readily accessible, and it at least may or may not have a wider fund of knowledge as to whether there's lines in these. Right. But it must have presented an adversity. At least it showed that the client, during that time period, had sufficient mental capacity to go to a court to say this is the case. Is that fair? Well, yes, it's a little more complicated than that. One, and I think the court is going to keep this up, is that he was involuntarily renegaded as of 2012, and that's the clear line of demarcation here. That is the time at which at least paperwork started to be developed. But at that point, he's still following an appeal, which shows that he was not necessarily readily well enough to understand precisely what it is he needed to file. Even though the state habeas can be filed, he was consulted with the jailhouse board and each state that got an inmate counseled, they could positively guide him. So we don't have a sufficient record here to find out what would you have us do? If you made an interdictment, then obviously the court would say, we totally disagree with you. That's the bottom line of the appeal. I think a remand is actually necessary in this record. Or an evidentiary hearing. Correct. Or at least to have the court appoint counsel on it. I think given the type of severe mental impairment here, I can't overstate the evidence of auditory hallucinations, psychotic rates. He was under five or six drugs and intercoctin. By the time he was in state court, they were finding radioactive ID that he sent to the mental impairment in 2008 to make confidence, his ability to make confidence to stay on trial. And then even up until 2015, the continued administration of medication. You know, being the middle-class psychologist who's really taking business is very, very difficult from a cold record. And without a sufficiently developed factual record to kind of make the determination of what we think the conclusion of certain papers will file, how is this going to be settled? It's just very difficult, totally, but there's a chance to be client-made guilty. Yes. And, you know, I do have a band-aid that accounts for this. I go many times over the year. That's part of it. That doesn't bear witness to me. What would the appeal have been? Yes. I think, possibly voluntarily, the state court judge did make a... spoke on the fires based on the fact that there was a mental impairment. But the other issue that was raised is that the two fires that had been struck at this point were fundamentally affected the state sentence of 19 years. And it's also... I think it's a good... Is that a constitutional crime? Sorry? Is that a constitutional crime? In other words, is the failure to strike your state fire your prize to the right to file an abuse case? If the... If this was a counsel plea, yes. If this was a decision-making counsel plea, again, yes. All right, so I could really go back to where the rest of the tape was appropriate. Correct. You wanted to say something else? I did. I wanted to remind you to keep going. Thank you. The other issue that strikes me as somewhat important here, it's pretty important, at least as far as I can tell, is never really addressed, how you assess equitable tolling in the context of severe mental impairment. And, again, so that the court, to some degree, not necessarily by the other points made, because there's certainly mental impairment in the case law in the preceding hours, but I have yet to find a case where there's a particular confluence of factors with severe impairment on top of abandonment, on top of access to legal materials, and there's this question about whether he got misdirected guidance from the state court as to where his positions were supposed to be broken in five. So I did my best to try and break down to the extent that I was able the amount of days... As I was saying at the beginning, I was trying to put your four pieces together, and I had trouble getting you there without giving you all the credit for mental impairment that you put in. I can go back and retry and put those pieces together and then keep going. Ultimately, I think he ended up at about eight or worse together, thinking about how he was decided to mentally repair with his time and all this stuff, and how he would reach the conclusion clearly that mental impairment affected his violence, his tendency to commit violence, he was filing a lot of papers. What's the basis for us to say, well, he's mentally impaired and he needs help? Well, certainly the fact that he was medicated before the papers needed to be filed is one very, very clearly. I don't think these evidence can be mentally impaired, but the other thing is he was able only to seek the assistance of other inmates, which may have been more familiar, more familiar than he, but a lot of the part of this... Well, maybe it is, but again, you've got two or three times you've played here and I think the severe mental impairment wasn't enough, especially given the objective diagnosis of not only the evaluated as competence in the underlying case, but also the prison psychiatrist that found as late as 2013 or 2014 that there was some decompensation and one of the things Dr. was suggesting is that the medication was adjusted, and he's still having problems because he's controlling his behavior so the mere fact that papers are being filed I don't think is indicative of an APA. In terms of predation, a slight improvement in mental health, but this is something, again, that needed to be evidenced. The evidence seems to show that the medication was controlled as following behavior as opposed to his cognition. Is that true? Not necessarily. But is there any evidence that he was being treated to improve his cognition? Well, he had a persecution complex to say that there was a certain amount of paranoia. There was a certain amount of evidence that he had paranoid delusions about the disparities of people coming after him, which really had nothing to do with the violence at all, so his perception of reality and cognition, I would suggest to the court, are not coincidental. Thank you for your time with us. Thank you very much. May it please the Court, CMLC Law on behalf of Respondent William Yunus. Mr. Correa asks this Court to excuse his more than two and a half year delay in compiling his bail to carry his burden of demonstrating that he faced a kind of extraordinary circumstances. If this Court is held entitled to habeas petitioner equitable. So let's go back to his breakdown as to what you were saying. The District Court, though, sometimes is going to be taking off the two and a half years that he goes through as an accountant. That was three months ago. So that now comes down to two and a quarter years. Correct. Now, there's a time period where he's getting three and a half minutes looking at what it really looks like to be valid. It seems to me there's some confusion between the two and a quarter years. I'm trying to figure out what that happens. Mr. Correa files a habeas petition in the Superior Court. That's correct. Let's get started. That's correct, Your Honor. I would just like to note on that point that the Superior Court habeas petition was not filed until March 5th of 2013. Right, okay. So we're left here on a kind of final on that date. It gets final on that date. It gets turned down. It's, he does get credit. I mean, he does get tolling for the period that that petition was tabbed. Is that correct? Your Honor, I would dispute that. That petition was denied as of untimely in the Superior Court's proceeding. Why? The Superior Court's proceeding takes untimely federal habeas petition. So I'll count towards Section 2242. Fair enough. So don't count that for the Court of Appeals. That goes to the Court of Appeals. Files the new habeas petition. That's correct, Your Honor. Habeas petition denied. The Court of Appeals denies that. Okay. Without prejudice, do you go back and re-file the habeas petition? That's correct, Your Honor. Let's focus on that for a second. In a world with perfect balance, is it sad to ask? Because the Superior Court's already turned down exactly the same petition. I disagree, Your Honor. Mr. Gray didn't raise this in the District Court, so Mr. Archibald, just getting to the merits of it. The Court of Appeals order was exactly correct if Mr. Gray failed to tell him that he'd previously filed his statement. Okay, that's good. Thank you. Now, as far as we know, this record does not contain the Court of Appeals habeas petition, does it? It does not, Your Honor, but that's why it's important that this Court hold that claim when we did not know that this issue was an issue in the District Court. Had we known it, we could have tried to go and find that petition and identify whether or not Mr. Gray had let the Court of Appeal know that he had previously filed a habeas petition in the Superior Court. But it's matter of, I take it, public record, and I don't have access to my computer here to the Court of Appeal file it, and I bet you I can try to identify it by the District Court. It's either side. I'll try to find it. No, Your Honor, but again, this claim was not raised in the District Court. No, I understand your point, I'm sorry. Your Honor, so you're trying to figure out what he said to the right of appeal. The proponent says he was treated horribly, but the Court of Appeal was, they jerked him around, and you're saying well, maybe he didn't let them know that he already filed the Superior Court one, right? He needs to know what the truth of it is. I don't want to belabor this point too much because the Superior Court issued its ruling on November 7th of 2013. Mr. Gray then filed another Superior Court petition on December 3rd of 2013 which was denied January 1st of 2014. So look, most of you guys three or four months have not been able to hold me on this official case. Yeah, you're working with me here. So I'm trying to figure out if we add that to the other sections of the ruling. Doesn't he still need to be able to appear with whom you're dictating the ruling? That is exactly correct, Your Honors, and as both you, Judge Rowett, and you, Judge Ellman, pointed out, there's no evidence that Mr. Gray, that Mr. Gray's mental impairment was so debilitating that it kept him from rationally or factually being able to understand the need to timely file a federal habeas petition. And you can see that from the motions that he filed in the Superior Court April of 2011 and May of 2011. Those documents demonstrate that Mr. Gray had the cognitive ability to understand what appeal was and the need to timely file a notice of appeal in the State Court. And as this Court held in A.V. Martel, those kinds of findings are sufficient for a district court to reject the claim of mental... a request for medical atonement on the basis of mental impairment. They show an understanding of basic legal concepts in EA. This Court pointed to the fact that the petitioner had filed two requests in prison for a immediate appeal form and a third request to meet with the appeals coordinator. And that was sufficient to uphold the district court's rejection of the request for equitable atonement on the basis of mental impairment. In other words, the fact that he was able to file legal papers and other proceedings is a demonstration that he has at least some capacity to best fare the papers in this case. That's correct, Your Honor. Harris, you note that this Court is reviewing that determination made by clear error based on the evidence in this case, and I don't believe this penal can have the firm conviction of the district court to be wrong. The district court decided to take a testimony to that. The district court did not take any testimony. How do you want to review a district court determination made solely on the papers in the A.V.S.? Is that a review to that? No, Your Honor. I believe the competency determination as to whether or not the mental impairment was the cause of the delay is reviewed for clear error. Let me ask you a little different question. I'm sure you know we got a 28-day letter from Mr. Matthews, right? Yes. Citing this recent impact case of the person fired. Yes, sir. What's your response to this? Your Honor, that or that's just a diligence problem, which this Court did not get to unless it first agrees with Mr. Matthews' claim that there were several extraordinary circumstances precluding him from timely filing a federal A.V.S. petition. But, Your Honor, that case is also distinguishable. In that case, the petitioner reasonably relied on being worked in the California Supreme Court before going in and filing his federal A.V.S. petition. In this case, during the three and a half years between when Mr. Gray's state court conviction became final and when he filed his federal A.V.S. petition, he went for prolonged stretches without filing his state A.V.S. petition, without filing his federal A.V.S. petition, and that shows lack of diligence. I'd like to turn quickly, Your Honor, to the other grounds that Mr. Gray has identified as the reasons for his act of ultramarine. First, as his claim, as his claim, there's a trace of pandemon preventing him from timely filing his federal A.V.S. petition. There's little evidence to suggest that Mr. Gray's trial counsel  on his behalf. The district judge did file an interstitial appeal to ban him from filing his federal A.V.S. petition. The district judge, uh, yes, it did, Your Honor. So, I don't think, if we're reviewing it for clarity, as you say, surely we can't find it that much clearer. I don't want to belabor the point. I would just note that Mr. Gray, there would be little reason for Mr. Gray's counsel to file an interstitial appeal. Mr. Gray was facing 35 years to life for this crime, hanging on to 18 years. So, a counsel who had just endured a very good deal of corporate finance is unlikely to file an interstitial appeal. But again, I don't want to belabor this point because, as you point out, Judge Hurwitz, um, the court below granted Mr. Gray three months back to file an interstitial appeal. It's sufficient to excuse his more than two and a half years to life. Um, I'd like to also briefly touch on the request for an evidentiary hearing. Um, and Your Honor, there's no need to remand this case for an evidentiary hearing. As for all of the claims that Mr. Gray has raised, the record was sufficiently developed to allow the district court to evaluate those claims, review the relevant evidence, and make a decision. In addition, Your Honors, Mr. Gray has not identified any uh, excuse me, has not identified the additional evidence he would seek to introduce for this court to remand for an evidentiary trial. Um, so remand in this case would do little other than require significant investment of resources for both the parties, uh, and the district court. Your Honors, if there are no further questions, we respectfully request that you affirm the district court's decision. Thank you. Mr. Matthews, we'll give you a minute and we may extend any further questions. And I have a question. Uh, can you respond to the waiver argument that Mr. Siegel made so as to respect to the confusing clarification? Well, number one, the court appointed the Federal Public Defenders to represent Mr. Gray in the quietness to uh, brief any issues that were not certified for a PMP. So I believe that it is appropriate for us to bring that issue up. Secondly, in case that... But that is an uncertified issue. Yes. What we can, what I can tell from that, you're also obviously a part of the city, so it does not mean that it would appear to be an uncertified issue. And when you see, when you brief it, it was I guess it was a different question. It wasn't raised in the district court. Okay, go ahead. No, no, the question of getting told because the California Courts is confusing. Um, it, it was, it was, it was very, I mean, it's... It's not treated in the district court's orders. Uh, it doesn't appear to be directly treated, but it's very, it was difficult to... I was here to tell if it was made of uncertified questions or just questions. Um, I think it was certainly instinct in the petition that was filed in the district court, that the district court did make a specific finding on it. But, um, well, two things here. One, I just want to respond to the idea that the Superior Court responded that the petition was untimely. It, that was not the case. I believe the response was, the holding was it was not adequately pled and that's to make clear the release, not that it's like put it back to your original question. Um, certainly, I don't think any of the cases cited by our respondent is grace-safe to court to not just hit this issue, even if you do find it was raised for the first time on appeal, but certainly in the order appointed to us. And from what we were able to glean from the record, Mr. Gray had raised these types of issues, rather in our belief, but to the extent that he could, with the help of another individual. Those aren't three files, and they're totally grace in the, uh, in the district court. Ms. Rider raised one or two things that I agree with any time. Um, one is the response to Judge Abel's first argument, I believe was when you asked me about him filing additional papers that showed that he had no confidence in his position to show that he was not as dependent as they appear. He was still filing their case, I mean, but at the point that he got vindicated, the universe of remedies available to him, if, but they were clear, may have triggered him but he was still so focused on the fact that his attorney even banned him when he was requesting an appellate release as his first line of attack. And so, I do not believe that the fact that, really, because he didn't want to file sufficiently several different results, that he was aware that he needed to file a failed amnesty petition. Um, and for that reason, I believe that his impairment, his impairment is enough to, uh, to prevail, at the very least, in this court, under remand. As counsel pointed in the district court, let Ed Council, whether it be us or someone else, develop the right and sufficiency in this court to prevent their meaningful denial. Thank you, Mr. Manzano. This is Ed Council for KCC.
judges: Tashima, Hurwitz, Adelman